# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

### NO. 03-13-00182-CR
### NO. 03-13-00183-CR
### NO. 03-13-00184-CR
### NO. 03-13-00185-CR

**Ray Mendoza Miranda, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NOS. CR-09-509, CR-09-0522, CR-10-0921, CR-09-0521
HONORABLE BRUCE BOYER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

On May 7, 2013, these appeals were dismissed for want of jurisdiction based on the trial court's certifications that these are plea-bargain cases and that appellant Ray Mendoza Miranda has no rights of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d). Miranda has filed a motion for rehearing, asserting that the trial court's certifications are incorrect. Though Miranda does not dispute that he pleaded guilty to each of the four offenses of theft, he contends that his pleas were not the result of any plea bargain with the State. *See* Tex. Penal Code § 31.03(a). Alternatively, Miranda argues that he is at least entitled to appeal the trial court's pretrial rulings on his motions to quash.

A trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilty or other appealable order. Tex. R. App. P. 25.2(a)(2). In a plea-bargain case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the court's permission to appeal. *Id.* Under the rules of appellate procedure, a plea-bargain case is a case in which the defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *Id.* Here, both the clerk's records and the reporter's record suggests that these cases may not in fact be plea-bargain cases and, as a result, the trial court's certifications may be defective.

The clerk's record in each cause includes a document entitled "plea bargain agreement," indicating that Miranda pleaded guilty to each offense. In the "court's admonishments to the defendant and defendant's written waiver of rights," attached to each plea-bargain agreement, Miranda acknowledges that he "waives and abandons his right of appeal in [each] cause, including rights of appeal as to any pre-trial matters and competency of defense counsel." However, none of the plea-bargain documents include any recommendation on punishment, but instead simply state that the agreement is "open to court on punishment and stacking."

Further, the reporter's record reveals that no recommendation by the State was recited into the record when Miranda entered his guilty pleas in open court. Upon conclusion of a subsequent punishment hearing, the trial court assessed punishment at imprisonment for the maximum amount allowed for each of the offenses, plus restitution. The court ordered Miranda's sentences to be served consecutively, with the exception of each of the two-year sentences assessed on the three state felony offenses, which are to be served concurrently. Based on the record before

2

us, it is unclear whether Miranda's guilty pleas were made in exchange for any recommendation by the State with respect to punishment.

We are required to examine a certification for defectiveness—"correct in form but which, when compared to the record before the court, proves to be inaccurate"—and use Rule 37.1 and 34.5(c) to obtain an accurate certification. *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). The records in these cases appear to be inconsistent with the trial court's certifications. Accordingly, to resolve these inconsistencies, we withdraw our opinion and judgments dated May 7, 2013, and reinstate these appeals. Further, we abate these appeals for fourteen days and instruct the trial court to prepare and send to this Court amended certifications that indicate whether, in light of the inconsistencies in the records, these are in fact plea-bargain cases and the extent of Miranda's rights of appeal, if any, from the judgments of conviction.[1] *See* Tex. R. App. P. 25.2(a), (f). Supplemental clerk's records containing the district clerk's amended certifications shall be forwarded to the clerk of this Court no later than July 17, 2013.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Abated on Motion for Rehearing

Filed: July 3, 2013

Do Not Publish

_____

[1] The clerk's record in each cause shows that motions to quash indictments were filed by Miranda prior to trial.

3